JM:MLY
F.#2009R00715

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

ALAN LABINER,
    also known as
    "Alan Labineri" and
    "David Alan Labiner,"
AHMED AWAN,
KHURRAM TANWIR,
    also known as
    "Raja Arshad,"
    "Cory Taylor,"
    "Corey," and
    "Cori," and
CHRISTOPHER POSTERARO,

             Defendants.

- - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC 01 2009 ★
BROOKLYN OFFICE

I N D I C T M E N T

Cr. No. _____

(T. 15, U.S.C., §§ 78j(b) and
78ff; T. 18, U.S.C., §§ 371,
402, 981, 1341, 2326, 2 and
3551 et seq.; T. 21, U.S.C.,
§ 853; T. 28, U.S.C.,
§ 2461(c))

COGAN, J.

CARTER, M.J.

CR09- 807

THE GRAND JURY CHARGES:

Unless stated otherwise, at all times relevant to this Indictment:

INTRODUCTION

Defendants and Relevant Entities

1. Locke, Landis & Harriman, Inc. and its successor firm, Landis, Harriman & White, Inc., (hereinafter, "the Firm") claimed to be a public relations firm that marketed private placements of stock in non-public companies over the telephone. The Firm maintained offices in Brooklyn, New York.

2

2. Defendant ALAN LABINER, also known as "Alan Labineri" and "David Alan Labiner" ("LABINER"), resided in New York. He controlled the Firm's operations and solicited investments on the Firm's behalf.

3. Defendant AHMED AWAN ("AWAN") resided in New York, California, and Florida. He controlled the Firm's operations, solicited investments on the Firm's behalf and trained telemarketers.

4. Defendant KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori" ("TANWIR"), resided in New York and New Jersey. He worked at the Firm from in or about July 2008 to in or about July 2009. His duties included soliciting investments on the Firm's behalf and training telemarketers.

5. Defendant CHRISTOPHER POSTERARO ("POSTERARO") resided in New York. He worked at the Firm from in or about 2004 to in or about September 2009. His duties included setting up bank accounts and making withdrawals of customers' funds for the benefit of the conspirators.

<p align="center">The Scheme to Defraud</p>

6. In or about and between January 1998 and April 2009, both dates being approximate and inclusive, the defendants ALAN LABINER, AHMED AWAN, KHURRAM TANWIR and CHRISTOPHER POSTERARO executed a scheme to fraudulently induce individuals to

invest in a number of private entities. The defendants solicited funds from investors under false pretenses and failed to invest the funds as represented. The defendants solicited more than $6 million from investors, most of which they used to pay personal expenses and for their own benefit.

7. The defendants fraudulently solicited individuals to invest in Manhattan North Real Estate Investment Trust, Inc. ("Manhattan North"). The defendants falsely represented that Manhattan North invested in low-income housing in upper Manhattan. They sold investors high-yield promissory notes purportedly issued by Manhattan North. They falsely represented that Manhattan North intended to use the proceeds of the notes to buy and develop real estate and that the notes were risk-free and fully guaranteed by Locke, Landis. In actuality, Manhattan North was not a real company, and the defendants did not use any of proceeds of the sales of Manhattan North promissory notes to buy or develop property. Instead, the defendants withdrew and spent the proceeds of the sales of notes to pay personal expenses and for their own benefit.

8. The defendants also fraudulently solicited individuals to invest in Next Point USA, Inc. ("Next Point"). The defendants falsely represented that Next Point was a company that invested in consumer debt. The defendants sold high-yield promissory notes purportedly issued by Next Point. The

4

defendants falsely stated that Next Point intended to use the proceeds of the notes to invest in its consumer debt business and that the notes were risk-free and fully guaranteed. In actuality, Next Point was not a real company, and the defendants did not use any of the proceeds of the sales of Next Point promissory notes to invest in consumer debt. Instead, the defendants withdrew and spent the proceeds of the promissory note sales to pay personal expenses and for their own benefit.

9. The defendants also fraudulently solicited individuals to invest in Grant Boxing, Inc. ("Grant Boxing"), a real company that sold boxing equipment and clothing. The defendants falsely told these investors that Grant Boxing had authorized the Firm to promote a private placement on its behalf. In actuality, Grant Boxing did not authorize the defendants to solicit money for a private placement, and the defendants used only a small portion of the money they obtained from this solicitation to invest in Grant Boxing stock. The defendants instead used almost all of the money provided to them for investment in Grant Boxing stock to pay personal expenses and for their own benefit.

10. The defendants also fraudulently solicited individuals to invest in Exposure Management Group, Inc. ("Exposure Management"), a company which supposedly managed and promoted musicians, models and actors. The defendants solicited

5

individuals to invest in Exposure Management through the use of an offering memorandum that contained numerous material misstatements about Exposure Management and its business, including the false statement that Exposure Management had contracts with certain musicians, and the misrepresentation that the company's Advisory Board and Board of Directors included certain celebrities who had no affiliation with the company. In actuality, the defendants invested only a small portion of the money they obtained from investors in Exposure Management stock. The defendants instead used almost all of the money provided to them for investment in Exposure Management stock to pay personal expenses and for their own benefit.

11. The defendants concealed their identities and the location of the Firm's offices from investors by, among other things, using fake names, screening phone calls through out-of-state answering services, and receiving correspondence through commercial mail receiving agencies.

COUNT ONE
(Conspiracy to Commit Securities, Mail and Wire Fraud)

12. The allegations contained in paragraphs 1 through 11 are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

13. In or about and between August 2004 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ALAN

LABINER, also known as "Alan Labineri" and "David Alan Labiner," AHMED AWAN, KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori," and CHRISTOPHER POSTERARO, together with others, did knowingly and willfully conspire to:

      a. use and employ manipulative and deceptive devices and contrivances, contrary to Rule 10b-5 of the Rules and Regulations of the SEC (Title 17, Code of Federal Regulations, Section 240.10b-5), by (a) employing devices, schemes, and artifices to defraud; (b) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances in which they were made, not misleading; and (c) engaging in acts, practices, and courses of business which would and did operate as a fraud and deceit upon members of the investing public, in connection with the purchases and sales of securities in Manhattan North, Next Point, Grant Boxing, and Exposure Management, directly and indirectly, by use of the means and instrumentalities of interstate and foreign commerce and the mails, contrary to Title 15, United States Code, Section 78j(b) and 78ff;

      b. knowingly and intentionally devise a scheme and artifice to defraud investors in Manhattan North, Next Point, Grant Boxing, and Exposure Management, and to obtain money and property from them by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme and artifice, and attempting to do so, to knowingly cause matters and things to be delivered by mail and private and commercial interstate carrier according to the directions thereon, contrary to Title 18, United States Code, Section 1341; and

   c. knowingly and intentionally devise a scheme and artifice to defraud investors in Manhattan North, Next Point, Grant Boxing, and Exposure Management, and to obtain money from them by means of materially false and fraudulent pretenses, representations and promises, and, for the purpose of executing the scheme and artifice, to transmit and cause to be transmitted, by means of wire communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

  14. In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants ALAN LABINER, AHMED AWAN, KHURRAM TANWIR and CHRISTOPHER POSTERARO, together with others, committed and caused to be committed, among others, the following:

### OVERT ACTS

   a. In or about the Spring of 2007, LABINER, AWAN and the president of Exposure Management met with an investor ("Investor-A"), whose identity is known to the grand jury, in New York City.

   b. In or about early 2008, LABINER met with an investor ("Investor-B"), whose identity is known to the grand jury, in New York City.

   c. In or about September 2005, POSTERARO opened an account in the name of Next Point at JP Morgan Chase in which investors' funds were deposited.

   d. On or about August 12, 2008, an employee of the Firm opened an account for Manhattan North at Commerce Bank with "Steven E. Cox" listed as Manhattan North's representative.

   e. In or about February 2009, POSTERARO opened an account in the name of Landis Harriman at

8

>> TD Bank in which investors' funds were deposited.
>
> f. On or about May 28, 2009, POSTERARO opened three accounts in the name of Landis Harriman at Bank of America in which investors' funds were deposited.

(Title 18, United States Code, Sections 371 and 2326(1) and (2)(A))

## COUNTS TWO THROUGH FIVE
(Mail Fraud)

15. The allegations contained in paragraphs 1 through 11 are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

16. Beginning in or about March 2004 and continuing until in or about September 2009, in the Eastern District of New York and elsewhere, ALAN LABINER, also known as "Alan Labineri" and "David Alan Labiner," AHMED AWAN, KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori," and CHRISTOPHER POSTERARO did knowingly and intentionally devise and intend to devise a scheme and artifice to defraud investors in Manhattan North, Next Point, Grant Boxing, and Exposure Management, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, which scheme and artifice is described in paragraphs 1 through 11 of Count One of this indictment.

9

## The Mailings

17. On or about the dates set forth below, in the Eastern District of New York and elsewhere, for the purpose of executing the scheme to defraud, and attempting to so, the defendants ALAN LABINER, AHMED AWAN, KHURRAM TANWIR and CHRISTOPHER POSTERARO did knowingly cause matters and things to be delivered by mail and private and commercial interstate carrier according to the directions thereon as follows:

| COUNT | APPROXIMATE DATE | SENDER | ADDRESSEE |
|---|---|---|---|
| TWO | Mar. 23, 2009 | "Gerald White," Landis, Harriman & White, Inc; sent from Brooklyn, NY | Investor C of Barberton, OH |
| THREE | Oct. 31, 2007 | "Alexis Banc," Next Point; sent from Brooklyn, NY | Investor D of Malvern, PA |
| FOUR | Dec. 7, 2004 | "David Lawson," Locke Landis & Harriman, Inc.; sent from Brooklyn, NY | Investor E of Middlefield, OH |
| FIVE | June 22, 2009 | "William Fanning," Exposure Management; sent from Brooklyn, NY | Investor F of Middlesboro, KY |

(Title 18, United States Code, Sections 1341, 2326(1) and (2)(A) and 2)

10

## COUNT SIX
(Criminal Contempt)

18. The allegations contained in paragraphs 1 through 11 are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

19. On December 3, 2008, a United States District Judge for the Southern District of New York, in the case of <u>Securities and Exchange Commission v. OCC Holdings, Ltd., et al.</u>, 04 Civ. 1122 (TPG), entered a Final Judgment and Permanent Injunction barring ALAN LABINER, also known as "Alan Labineri" and "David Alan Labiner," and KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori," and "and each of their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of [the court's] Final Judgment by personal service or otherwise" from violating Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); from violating Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)) in the offer or sale of any security; and from "participating in an offering of penny stock, including in activities with a broker, dealer, or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock."

20. Beginning in or about December 3, 2008 and

continuing until in or about September 2009, within the Eastern District of New York and elsewhere, defendant ALAN LABINER did knowingly and willfully disobey a lawful order of the United States District Court of the Southern District of New York, specifically, the permanent injunction described in paragraph 19, by conspiring to defraud and defrauding investors as described in paragraphs 1 through 11, which acts were of such character as to constitute criminal offenses contrary to Title 18, United States Code, Sections 371, 1341 and 1343.

(Title 18, United States Code, Section 402)

COUNT SEVEN
(Criminal Contempt)

21. The allegations contained in paragraphs 1 through 11 and paragraph 19 are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

22. Beginning in or about December 3, 2008 and continuing until in or about July 2009, within the Eastern District of New York, KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori," did knowingly and willfully disobey a lawful order of the United States District Court of the Southern District of New York, specifically, the permanent injunction described in paragraph 19 of Count Six, by conspiring to defraud and defrauding investors as described in paragraphs 1 through 11, which acts were of such character as to

12

constitute criminal offenses contrary to Title 18, United States Code, Sections 371, 1341 and 1343.

(Title 18, United States Code, Section 402)

COUNT EIGHT
(Criminal Contempt)

23.     The allegations contained in paragraphs 1 through 11 are hereby realleged and incorporated by reference as if fully set forth in this paragraph.

24.     On April 5, 2004 a United States District Judge for the Southern District of New York, in the case of Securities and Exchange Commission v. OCC Holdings, Ltd., et al., 04 Civ. 1122 (TPG), entered a Stipulation and Order that barred AHMED AWAN "and each of his officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of [the Court's] Final Judgment by personal service, facsimile service or otherwise" from violating Section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C. § 78j(b)) and Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5); from violating Section 17(a) of the Securities Act of 1933 (15 U.S.C. § 77q(a)) in the offer or sale of any security; and from "participating in an offering of penny stock, including in activities with a broker, dealer, or issuer for purposes of issuing, trading or inducing or attempting to induce the purchase or sale of any penny stock."

13

25. Beginning in or about April 5, 2004 and continuing until in or about September 2009, within the Eastern District of New York and elsewhere, AHMED AWAN did knowingly and willfully disobey a lawful order of the United States District Court of the Southern District of New York, specifically, the stipulation and order described in paragraph 24, by conspiring to defraud and defrauding investors as described in paragraphs 1 through 11, which acts were of such character as to constitute criminal offenses contrary to Title 18, United States Code, Sections 371, 1341 and 1343.

(Title 18, United States Code, Section 402)

### CRIMINAL FORFEITURE ALLEGATION FOR COUNTS ONE THROUGH FIVE

26. The United States hereby gives notice to the defendants ALAN LABINER, also known as "Alan Labineri" and "David Alan Labiner," AHMED AWAN, KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori," and CHRISTOPHER POSTERARO that, upon conviction of any Counts One through Five, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), of any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to, a sum of money representing the amount of proceeds obtained as a result of the offenses.

14

27.     If any of the above-described forfeitable property, as a result of any act or omission of a defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

15

property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853)

A TRUE BILL

_____
FOREPERSON

_____
BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2007R01450
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

v.

ALAN LABINER, also known as "Alan Labineri" and "David Alan Labiner,"
AHMED AWAN,
KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," "Cori," and
CHRISTOPHER POSTERARO,

Defendant.

## INDICTMENT

(T. 15, U.S.C., §§ 78j(b) and 78ff; T. 18, U.S.C., §§ 371, 402, 981, 1341, 2326, 2 and 3551 et seq.;
T. 21, U.S.C., § 853; T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreman

Filed in open court this _____ day,

of _____ A.D. 2008 _____

_____
Clerk

Bail, $ _____

*Michael L. Yaeger, Assistant United States Attorney (718-254-6075)*

Information Sheet

United States District Court
Eastern District of New York



1. Title of Case:   **United States v. ALAN LABINER, also known as "Alan Labineri" and "David Alan Labiner," AHMED AWAN, KHURRAM TANWIR, also known as "Raja Arshad," "Cory Taylor," "Corey," and "Cori," and CHRISTOPHER POSTERARO**

2. Related Magistrate Docket Number(s): 09-M-899

3. Arrest Date:   Labiner and Awan: Sept. 10, 2009.
   (Awan arraigned 9/10, Labiner arraigned 9/11).
   Tanwir: Sept. 15, 2009
   Posteraro has not been arrested.

4. Nature of offense(s):   ☒ Felony
   ☐ Misdemeanor

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3 of the Local E.D.N.Y. Division of Business Rules):   **N/A**

6. Projected Length of Trial:   Less than 6 weeks (X)
   More than 6 weeks ( )

7. County in which crime was allegedly committed:   **Kings**
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Has this indictment/information been ordered sealed?   ( ) Yes   (X) No

9. Have arrest warrants been ordered?   (X) Yes   ( ) No

                          Benton J. Campbell
                          United States Attorney

                    By:   _____
                          Michael L. Yaeger
                          Assistant U.S. Attorney
                          (718)-254-6075